ARGÜESO ET AL. *v.* MÜLLENHOFF & KORBER.

APPEAL from the District Court of Humacao.

No. 96.—Decided February 19, 1904.

JURISDICTION—PERSONAL ACTION.—Except in cases of express or implied submission in proceedings in which personal actions are instituted, the competent judge shall be that of the place where the obligation is to be performed, and, in his absence, that of the domicile of the defendant or of the place of the contract if said defendant is found there, even accidentally, and process can be served upon him.

ID.—An action to obtain the execution of a deed and indemnity for losses and damages is a personal action.

STATEMENT OF THE CASE.

This was a suit brought in the District Court of Humacao by Manuel Argüeso y Flores and Ernestina Frías y Noya against Müllenhoff & Korber, for the execution of a deed of purchase and sale of the Estate "Ingenio" of Yabucoa, and indemnification for losses and damages, which case is pending before us on appeal taken by plaintiffs from the decision of said court upon a question of jurisdiction, appellants having

Corte en cuestión de competencia, habiendo representado á la parte recurrente el Letrado Don Rafael López Landrón, y á la parte recurrida el Letrado Don Jacinto Texidor.

*Resultando*: que con fecha cinco de Mayo último, los esposos, Don Manuel Argueso y Flores, y Doña Ernestina Frías y Noya, presentaron demanda ante el Tribunal de Distrito de Humacao contra la Sociedad Mercantil Mullenhoff y Korber de esta Capital, para que por los trámites del juicio declarativo,, se ordenara por sentencia definitiva que los demandados formalizaran la escritura de compra-venta de la hacienda Central de cañas, nombrada "Ingenio", del antiguó término municipal de Yabucoa, "sobre la base de su rentabilidad durante los tres últimos años, excluyendo el del temporal", dentro de un plazo perentorio, si no encontraren por comprador de ella á tercera persona dentro del plazo que también se les asigne, y á la indemnización de daños y perjuicios, con el pago de todas las costas.

*Resultando*: que admitida la anterior demanda, fueron citados y emplazados en esta Capital para contestarla los Señores Mullenhoff y Korber, quienes acudieron al Tribunal de Distrito de San Juan para que requiriera de inhibición al de Humacao á lo que accedió el Tribunal de San Juan, en auto de veinte y cinco de Mayo último, librando oficio inhibitorio al de Humacao para que se separara del conocimiento del juicio, como así lo acordó ese Tribunal en auto de veinte de Julio último, auto que fué apelado por los consortes Argueso, habiendo sido remitidas las actuaciones á esta Corte Suprema para la decisión del recurso.

*Resultando*: que tramitado el recurso en la forma correspondiente, después de instruidas las partes y resuelto un incidente de acumulación se señaló día para la celebración de la vista, la cuál tuvo lugar con asistencia é informe de las partes el día trece de los corrientes.

Abogado de los apelantes: *Sr. López Landrón.*

Abogado de los apelados: *Sr. Texidor.*

been represented by Rafael López Landrón, Esq., and respondents by Jacinto Texidor, Esq.

Under date of May 5, 1903, Manuel Argüeso y Flores and Ernestina Frías y Noya, his wife, brought an action in the District Court of Humacao against the mercantile firm of Müllenhoff & Korber, of this city, asking that under the proceedings prescribed for declaratory actions, final judgment be rendered ordering defendants to execute the deed of purchase and sale of the Central Sugar Estate known as "Ingenio," situated in the former municipal district of Yabucoa, "upon the basis of its rental value during the last three years, excluding that of the cyclone," within a peremptory period, should they not find a third person to buy it within a period which shall also be fixed, with indemnity for losses, damages and payment of all the costs.

The complaint being admitted, summons to answer the same was served in this city upon Müllenhoff & Korber, who applied to the District Court of San Juan for a writ forbidding the Humacao court to take cognizance of the case. This request was granted, and accordingly, on the 25th of May last, the San Juan court issued a writ of inhibition forbidding the Humacao court from taking further cognizance of the case, which was complied with by the latter in an order of the 20th of July last. From this order the plaintiffs appealed and the record was forwarded to this Supreme Court for decision.

The appeal having been transmitted in due form, after the parties had been afforded an opportunity to examine the papers, and an incidental issue of consolidation decided, a day was set for the hearing, which was held on the 13th instant, the parties being present and arguing their cases.

*Mr. López Landrón,* for appellant.

*Mr. Texidor,* for respondents.

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* : que en el apartado primero del Artículo 62 de la Ley de Enjuiciamiento Civil, se dispone que fuera de los casos de sumisión expresa ó tácita, en los juicios en que se ejerciten acciones personales, es Juez competente el del lugar en que debe cumplirse la obligación, y á falta de éste, á elección del demandante, el del domicilio del demandado, ó el del lugar del contrato si hallándose en él, aunque accidentalmente, pudiera hacerse el emplazamiento.

*Considerando* : que la acción ejercitada en la demanda es personal y que no consta cuál sea el lugar en que deba cumplirse la obligación, sin que tampoco haya sumisión expresa ó tacita de las partes á Tribunal alguno ; por todo lo cuál, con arreglo al precepto legal anteriormente citado, el Tribunal de San Juan es el competente para conocer del juicio de que se trata, por ser el del domicilio del demandado, que no fué emplazado en Humacao ; siendo en su virtud procedente y conforme á la Ley el auto dictado en veinte de Julio último por el Tribunal de Distrito de Humacao.

*Fallamos* : que debemos confirmar el mencionado auto apelado, con las costas á cargo de los recurrentes, y líbrese al Tribunal de Distrito de Humacao la certificación correspondiente con devolución de los autos que ha remitido.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.

---

## TORNABELLS Y CIA. *v.* MESTRE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 63.—Resuelto en Febrero 19, 1904.

APELACIÓN.—No habiendo error alguno que justifique la revocación de la sentencia apelada, ésta debe ser confirmada.

Mr. Justice Sulzbacher, after making the above statement of facts, delivered the opinion of the court.

Under paragraph 1 of article 62 of the Law of Civil Procedure, it is provided that with the exception of cases of express or implied submission in personal actions, the competent judge shall be that of the place where the obligation is to be performed, and in his absence, that of the domicile of the defendant or of the place of the contract, at the election of the plaintiff, if said defendant be found there, even accidentally, and the process can be served upon him.

The cause of action in the present complaint is a personal one, and the place where the obligation is to be performed is not stated, nor has there been either express or implied submission to any tribunal by the parties; therefore, under the foregoing legal provision, the San Juan court is the one having jurisdiction over the case in question, because it is that of the domicile of the defendants, and the process was not served upon them in Humacao.

The order made on the 20th of July last by the District Court of Humacao is therefore proper and according to law.

We adjudge that we should accordingly affirm and do affirm the order appealed from, with costs against appellants. The proper certificate is ordered to be issued to the District Court of Humacao and the record forwarded to be returned.

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.